JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02824-MCS-AGR | Date | June 15, 2023 |
| Title | *Andres Cavallero v. Royal Caribbean Cruises Ltd. et al.* | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTION TO DISMISS AND MOTION TO REMAND (ECF NOS. 14, 18) (JS-6)**

Plaintiff Andres Cavallero moves to remand this case to the Los Angeles County Superior Court. (MTR, ECF No. 18.) Defendant Royal Caribbean Cruises, Ltd. filed a brief opposing the motion, (Opp'n, ECF No. 19), and Plaintiff filed a reply, (Reply, ECF No. 20). Also before the Court is a fully briefed motion to dismiss. (MTD, ECF No. 14-1; MTD Opp'n, ECF No. 16; MTD Reply, ECF No. 21.) The Court deems both motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.   BACKGROUND**

According to the Complaint, Plaintiff received an offer of employment from Defendant on September 5, 2022. (Compl. ¶ 12, ECF No. 1-1.)[1] The offer required Plaintiff to "meet certain pre-employment requirements and" to receive a vessel assignment before receiving a formal letter of employment. (*Id.*) Once Plaintiff completed training and administrative requirements, Plaintiff was slated to serve as

---

[1] The Complaint is located on pages 2 through 29 of ECF number 1-1, as paginated on the CM/ECF header.

an assistant front desk manager of a cruise ship operated by Defendant. (*Id.* ¶¶ 12–13.) Plaintiff alleges that he had completed his training "without critique" and "worked diligently to obtain all clearances for the trip, yet Defendant failed to provide adequate support to process his paperwork." (*Id.* ¶ 13.) Plaintiff further alleges that after he had disclosed medical information to Defendant, "Defendants belatedly, discriminatorily, and retaliatorily terminated him on the basis of his perceived disability." (*Id.* ¶ 15.)

Plaintiff asserts twenty claims arising under the California Labor Code, the California Fair Employment and Housing Act, the California Unfair Competition Law, and state common law. (Compl. ¶¶ 21–130.) Plaintiff had initially filed his Complaint in the Los Angeles County Superior Court, but Defendant removed this action, asserting this Court's diversity jurisdiction. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARD

Only the standards governing the motion to remand need be recited here. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).[2] "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods*

---

[2] Both parties assume this is an individual action to which the $75,000 threshold applies. (*E.g.*, Notice of Removal ¶ 3; Mot. 3; Opp'n 4.) The Court adopts this assumption notwithstanding stray class action allegations pleaded in the Complaint. (*E.g.*, Compl. ¶ 48 (referencing class certification).)

*Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

### III.   DISCUSSION

The amount in controversy is not clear from the face of the Complaint. Plaintiff does not plead any specific amount in controversy, but the civil case cover sheet submitted to the state court with the Complaint indicates the amount demanded exceeds $25,000. (Civil Case Cover Sheet, ECF No. 1-1.)[3] While the notice of removal asserts that "the matter in controversy exceeds the sum of $75,000.00," (Notice of Removal ¶ 3), Defendant provides no factual support for its conclusion, (*see generally id.*).

Now, in opposition to the remand motion, Defendant proffers the declaration of Lauren Levitt, which attaches Plaintiff's offer letter. (Levitt Decl. Ex. A, ECF No. 19-1.) According to the offer letter, Plaintiff was slated to receive a monthly salary of $2,471, during a 26-week contract. (*Id.*) Once hired, Plaintiff would "be entitled to participate in [Defendant's] company sponsored benefits plans," (*id.*), "including free room and board, free meals, and free shipboard medical services," (Levitt Decl. ¶ 5). Neither party proffers any other evidence probative of the measure of damages. Having reviewed the evidence submitted in connection with the motion, the Court concludes that Defendant has not met its burden to show that the amount in controversy more likely than not exceeds $75,000.

#### A.   Actual Damages

In unlawful termination cases, a "[d]efendant is justified in including lost wages in its amount-in-controversy calculations." *Walters v. Dollar Tree Distrib., Inc.*, No. 2:21-cv-02299-JAM-JDP, 2022 WL 1449187, at *2 (E.D. Cal. May 6, 2022). The Complaint seeks damages for lost wages and future lost wages. (Compl. ¶ 16.) Defendant offers evidence that Plaintiff's monthly income was approximately $2,471 on a 26-week contract, which could have grossed Plaintiff about $16,061.50

---

[3] The civil case cover sheet is located on page 55 of ECF number 1-1, as paginated on the CM/ECF header.

through the life of the contract.[4] (Opp'n 7; Levitt Decl. Ex. A.) This figure alone would not even place the amount in controversy above the $25,000 threshold Plaintiff selected in his state court civil cover sheet. While Defendant argues that employment benefits raise the amount in controversy, Defendant does not explain the value of any of those benefits, and the Court will not speculate. Overtime and missed rest and meal periods may also raise the total lost wages figure in theory, but Defendant simply "assume[s] that the damages amount to tens of thousands of dollars in actual damages and much more with . . . statutory penalties," without providing any evidence or reasonable method of calculating those damages toward an amount in controversy. (Opp'n 7.) Without any probative evidence of the measure of overtime, missed rest and meal periods, or statutory damages Plaintiff would be entitled to, Defendant has not met its burden of demonstrating that Plaintiff would reasonably be entitled to any sum beyond the wages promised.

Defendant also points to Plaintiff's reputational damages and moving costs. Pointing to *Tilkey v. Allstate Ins. Co.*, 56 Cal. App. 5th 521, 562 (2020), Defendant avers that "juries have awarded over $100,000 in some employment contexts" for reputational damages. (Opp'n 7.) However, Defendant fails to explain why any jury in this case might award a similar amount on these facts and legal claims. The Court thus declines to apply the $100,000 figure as purely speculative. As to moving costs, Defendant argues that Plaintiff may be owed "a thousand to a few thousand dollars." (*Id.*) While Defendant offers no factual support for its estimate, the Court accepts arguendo that moving costs could rise to about $3,000.

### B. Non-Economic Damages

Defendant then argues that "non-economic damages alone also exceed the amount-in-controversy requirement," and points to one "wrongful termination case involving many of the same claims" where the plaintiff recovered $700,000 in non-economic damages. (*Id.* at 8 (citing *Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 447–50 (2020)).) According to Defendant, this case is analogous to *Colucci* because Plaintiff alleges that Defendant wrongfully terminated him due to his medical history. (Opp'n 8.) But the simple fact of bringing a disability discrimination claim is insufficient to render *Colucci* at all probative of the measure of non-economic damages in this case. Here, Plaintiff was offered a six-and-a-half-month contract as an assistant manager, (Levitt Decl. Ex. A), while the plaintiff in *Colucci* was employed as a full manager of a T-Mobile store for seven years, 48 Cal. App.

---

[4] The Court assumes that one month is exactly four weeks.

5th at 447. In *Colucci*, the plaintiff brought claims of discrimination for an actual disability (anxiety and aggravated back pain), *id.* at 447–48, rather than an unidentified, perceived disability, (Compl. ¶ 15). And in *Colucci*, there was also proof that the plaintiff's superior derided the plaintiff for his disability and his request for accommodation, 48 Cal. App. 5th at 447–48, allegations which do not appear here, (*see generally* Compl.). Accordingly, *Colucci* does not present the maximum amount plaintiff "could *reasonably* recover" because it is not at all probative of the issues in or otherwise analogous to this case. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added). Defendant has thus failed to offer any competent proof of the measure of non-economic damages.

### C. Punitive Damages

Punitive damages are just as speculative. Defendant raises a similar argument based on *Colucci*—because the *Colucci* plaintiff alleged malice and oppression in his disability claim and won about $1.5 million dollars, the amount in controversy here is $1.5 million. (Opp'n 8.) Again, this is meritless. Even if the Court were to assume the truth of Plaintiff's allegations, the burden of proof to demonstrate an entitlement to removal is on Defendant. *Placer Dome*, 582 F.3d at 1087. There is little reason, if any, to think that the punitive damages awarded in *Colucci* represents the maximum reasonable recovery in this case given the factual disanalogies discussed above. Accordingly, Defendant has failed to demonstrate any reasonable measure of punitive damages in this case.

### D. Attorney's Fees and Costs

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits, based on "the extensive motion practice thus far, it is reasonable to assume that fees could easily exceed $75,000 *if this case were to proceed through trial*." (Opp'n 9 (emphasis added).) Again, this is speculation. For one, it is entirely uncertain that this case would even go to trial, and Defendant offers no reason to think that factors making a trial likely are present here. In the Court's experience, only a handful of the dozens or hundreds of employment discrimination cases prosecuted in this district each year reach the pretrial conference stage, let

alone proceed to a jury verdict. And even if a trial were likelier here than in some other employment discrimination cases, Defendant provides no explanation why this case will generate fees exceeding $75,000. For example, defense counsel provides no explanation of Plaintiff's counsel's hourly rate or a reasonable estimate of attorney hours that will be expended taking this case through discovery, summary judgment, and into trial. (*Id.*) There is also no indication of the type of fee arrangement between Plaintiff and his counsel. (*Id.*) Accordingly, Defendant has failed to demonstrate a reasonable measure of attorney's fees to apply to the amount in controversy.

### E.   Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000 in either its notice of removal or in support of its opposition brief. For the most part, Defendant relies on little more than its own ipse dixit that damages, fees, and costs will exceed the $75,000 threshold. The only non-speculative measure of damages established by a preponderance of the evidence are the $16,061.50 owed in contractual wages and up to $3,000 in moving costs,[5] totaling $19,061.50. Even assuming interest accrued at 10% per annum, Cal. Lab. Code 98.1(c), the amount in controversy falls well short of $75,000. Accordingly, Defendant has failed to demonstrate with sufficient evidence that the Court has subject-matter jurisdiction over the case. Remand is required. 28 U.S.C. § 1447(c).

## IV.   CONCLUSION

The Court grants Plaintiff's motion to remand the case to the Los Angeles County Superior Court, No. 23STCV05494. The Court directs the Clerk to effect the remand and close the case. The motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

---

[5] The Court notes that Defendant has not truly "established" that $3,000 in moving costs are more likely that not in controversy. The Court simply accepted arguendo that such a figure would be reasonable.